## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRAD S. TABAKIN and :
DEBRA TABAKIN, H/W :
801 Morris Road :
Blue Bell, PA 19422 :
                               :
                Plaintiffs, :
                               :
      v. :      NO.
                                 :
SAFEEDS TRANSPORT, INC. :
470 W. Broad Street :
Columbus, OH 43215 :
                                 :
       and :      **COMPLAINT AND JURY DEMAND**
                                 :
SHAKHBOZ JURAKULOV :
470 W. Broad Street :
Columbus, OH 43215 :
                                 :
               Defendants. :

## CIVIL ACTION COMPLAINT
## THE PARTIES

1.     Plaintiffs, Brad S. Tabakin and Debra Tabakin, are adult citizens and residents of the Commonwealth of Pennsylvania, residing and domiciled as captioned.

2.     Defendant, Safeeds Transport Incorporated (hereinafter referred to as "Safeeds") is a corporation or other business entity authorized and licensed to transport automobiles throughout the United States and in particular, in the Commonwealth of Pennsylvania, with a USDOT number of 4175566 and a Federal Motor Carrier number of 1606811, with its domicile, residency and principal place of business located in the State of Ohio, as captioned.

3.     Defendant, Shakhboz Jurakulov, is an adult individual, CEO of Defendant, Safeeds, the alter-ego of Safeeds and a citizen and resident of, and domiciled in, the State of Ohio, with an address for service as captioned.

## JURISDICTION

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 in that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

5.    Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 5, inclusive, of this Complaint as though the same were set forth herein more fully at length.

7.    At all times material to this Civil Action, Plaintiffs had a valid contract with the Defendants for the provision of vehicle transport for two (2) vehicles from Florida to Pennsylvania for a fee. (Exhibit A attached).

8.    On or about April 20, 2026, Plaintiffs contacted Defendants by telephone to inquire about shipping two vehicles from Delray Beach, Florida to Blue Bell, Pennsylvania. Defendants quoted Plaintiffs $600.00 per vehicle, a total of $1,200.00, for transporting the two vehicles. On the same date, Defendants emailed Plaintiffs a contract (Exhibit A) memorializing same. Defendants further required Plaintiffs to sign the contract and to submit a deposit of $400.00. Plaintiff, Brad Tabakin, executed the contract and paid to Defendants the required deposit via American Express credit card, which Defendants accepted.

9.    Per the terms of the contract, the vehicles were to be picked up in Florida by Defendants on or after May 5, 2026.

10.    Not having heard from the Defendants, on May 6, 2026, Plaintiff, Debra Tabakin, called the Defendants to confirm that the two vehicles would be picked up as well as the approximate time that the Defendants would be arriving to do same.    During this call, Defendants advised Plaintiffs that Defendants did not have a truck available to pick up Plaintiffs' vehicles despite the contract and the deposit described above.  Further, at all times material hereto, Defendants knew that time was of the essence as Plaintiffs were scheduled to leave Florida on or before May 9, 2026 to return to Pennsylvania.

11.    During the above telephone conversation, Defendants advised Plaintiffs that, in fact, despite the executed contract and deposit paid by Plaintiffs, Defendants absolutely would not ship Plaintiffs' vehicles for the contracted price of $1,200.00. Rather, Defendants now told Plaintiffs that the cost to ship the two vehicles was $3,300.00, almost triple the contract price, as well as an additional $400.00 deposit was required before Defendants would book the transport.

12.    As a result of Defendants' actions, Plaintiffs immediately attempted to find an alternative shipping vendor but was unable to find anyone who could accommodate Plaintiffs. As a result, Plaintiffs were forced to utilize Defendants as their transport vendor, despite the above.

13.    Only after Plaintiff was required to pay an additional $400.00 deposit, directly to the personal Zelle account of the CEO of Safeeds, Shakhboz Jurakulov, did Defendants send a new contract to Plaintiffs which Plaintiff had no choice but to sign. (Exhibit B).

14. Despite Defendants telling Plaintiffs that there was no truck available to transport Plaintiffs' vehicles, once Plaintiffs paid the additional deposit and signed the new contract, Defendants "mysteriously" had a truck to pick up said vehicles the following day, May 7, 2026.

15. The acts of the Defendants, jointly and/or severally, described above, is the classic, stereotypical "bait and switch" or extorsion, fraud, misrepresentation and deceit.

16. Further, upon the vehicles arrival in Pennsylvania, Plaintiffs identified damage to one of their vehicles which the Defendants' truck driver initially denied, but then admitted as the damage and paint transfer to Plaintiffs' vehicle matched the paint on the Defendants' car trailer.

17. In order for Plaintiffs to obtain possession of their vehicles in Pennsylvania, Plaintiffs had to Zelle another $2,500.00 to Defendants' truck driver, which Plaintiffs did.

## COUNT I
## PLAINTIFF V. DEFENDANTS
## BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive, of this Complaint as though the same were set forth herein more fully at length.

19. There is no dispute that, at all times material hereto, Defendants contracted with Plaintiff to provide transport for two vehicles from Florida to Pennsylvania under contract # 31193163-ST for the sum of $1,200.00.

20. There is no dispute that, at all times material hereto, Defendants breached that contract and committed a "bait and switch", fraud, misrepresentation, deceit and extorsion solely to force Plaintiffs to pay almost three times more for the services previously contracted for, knowing that time was of the essence for Plaintiffs.

21. Defendants have ignored or have acted with reckless indifference to the contract they entered into with Plaintiffs which clearly establish the terms of the relationship and cost for service.

22. Despite having no reasonable or lawful basis to breach the contract, Defendants, without any justification, breached its service contract with Plaintiffs on May 7, 2026 and have committed the unlawful acts more fully described above.

23. To the contrary, Plaintiffs have complied with all of the terms and conditions of the contract with the Defendants and have done absolutely nothing to breach same.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Safeeds and Jurakulov, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) inclusive of interest, costs of suit, punitive damages, treble damages and attorney's fees.

## COUNT II
## PLAINTIFF v. DEFENDANTS
## VIOLATION OF STATE & FEDERAL STATUTE

24. Plaintiffs, incorporate by reference the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint as though the same were set forth herein more fully at length.

25. This civil action is brought by Plaintiffs against Defendants, Safeeds and Jurakulov, pursuant to, but are not limited to, state and federal law as follows:

    (a) Pa. U.T.P.C.P.L., 73 Pa. CSA §201-1, et seq.;

    (b) 49 U.S.C. §14704(a)(2);

    (c) 49 U.S.C. §14704(b);

    (d) 49 U.S.C. §14704(d);

(e)  49 U.S.C. §14704(e);

(f)  49 U.S.C. §14704(3);

(g)  The common law of the Commonwealth of Pennsylvania;

(h)  Section 5 of the Federal Trade Commission Act, 15 U.S.C. §45, et seq., 16 CFR Part 238, et seq.

(i)  Subordinating the interest of Plaintiffs to Defendants' own financial monetary interest;

(j)  49 U.S.C. §14916 – unlawful brokerage activities;

(j)  Violating the contractual and legal/lawful duty owed to Plaintiffs;

(k)  Otherwise unreasonably and unfairly withholding services justly due and owing to Plaintiffs;

(l)  Compelling Plaintiffs to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between Plaintiffs and Defendants exists;

(m)  Compelling Plaintiffs to litigate this claim to recover amounts due under the contract and under state and federal law;

(n)  73 Pa. CSA §201-4, et seq.;

(o)  Causing Plaintiffs to expend money on the presentation of this claim;

(p)  Causing Plaintiffs to bear the stress and anxiety associated with the unknown, imminent loss of services to Plaintiffs that Plaintiffs purchased and relied upon, through unnecessary litigation; and,

(q)  Ignoring or denying responsibility for contractual default with no reasonable excuse or basis therefore.

26. Defendants have engaged in wanton and reckless conduct with regard to its contractual obligations, the welfare, interest and rights of Plaintiffs and is liable for its unreasonable and baseless conduct.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Safeeds and Jurakulov, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) inclusive of interest, costs of suit, punitive damages, treble damages and attorney's fees.

## COUNT III
## PLAINTIFF v. DEFENDANTS
## FRAUD

27. Plaintiffs, incorporate by reference the allegations contained in paragraphs 1 through 26, inclusive, of this Complaint as though the same were set forth herein more fully at length.

28. At all times material hereto, Defendants, intended to deceive and defraud Plaintiffs out of the contracted for services purchased by Plaintiffs by fraudulently inducing Plaintiff to act, to the benefit and profit of Defendants, with Defendants knowing they had no intention of providing said services at the charges Defendant expressly enumerated to Plaintiffs and which induced Plaintiffs to enter into the subject contract and agreement with Defendants.

28. In addition to the aforesaid, Defendants' actions, by and through its employees as stated above, consisted of the following:

    a.    Making material representations to Plaintiffs regarding Defendants' charges for services in writing, which Defendants had no intention of abiding by and misleading Plaintiffs to act upon reliance of same;

b.  Defendants knew or had reason to know that they had no intention of providing the contracted-for services at the agreed upon cost to Plaintiffs despite providing Plaintiffs written assurance thereof upon which Plaintiffs relied;

c.  Defendants knew or had reason to know that such material misrepresentations were relied upon by Plaintiffs and induced Plaintiffs to act;

d.  Duping Plaintiffs into believing Plaintiffs had entered into an arms-length transaction with Defendants for services, providing Plaintiffs with written confirmation and assurances thereof and thereafter knowingly and purposefully taking all such services from Plaintiffs despite Plaintiffs paying a good-faith deposit and the contracted-for cost of same;

e.  Taking the above services from Plaintiffs, despite Plaintiffs meeting all contracted-for obligations for same and thereafter charging Plaintiffs additional costs and penalties to restore the services which Plaintiffs had already paid for.

29.  Defendants actively and intentionally concealed their scheme to defraud Plaintiffs and did not disclose their scheme to Plaintiffs so as to induce Plaintiffs to act and upon which Plaintiffs reasonably relied.

30.  As a direct result of Defendants' fraud and Plaintiffs' reliance, Plaintiffs have suffered damages which this Court is asked to assess.

31.  For all of the reasons set forth above, Defendants have violated state and federal law(s) for which Defendants are liable for compensatory, treble and/or punitive damages,

together with interest, attorney's fees and such other relief as the Court deems appropriate.

**WHEREFORE,** Plaintiffs, Brad S. Tabakin and Debra Tabakin, demand judgment in their favor and against Defendants, Safeeds and Jurakulov, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, statutory damages, punitive damages, treble damages, interest, costs of suit, attorney's fees, and any other damages allowed by law.

## JURY DEMAND

Plaintiffs herein demand a jury trial.

**TABAKIN WOLFE, LLP**

BY:  _____

RICHARD A. WOLFE, ESQUIRE
rich@twnlegal.com

BY:  _____

BRAD S. TABAKIN, ESQUIRE
brad@twnlegal.com

Office Court at Blue Bell
587 Skippack Pike, #300
Blue Bell, PA  19422
P:  215-525-1616
F:  215-525-5858
*Attorneys for Plaintiffs*